23-6237-ag
*Xinbing Li v. Bondi*

BIA
Poczter, IJ
A216 496 332

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand twenty-five.

PRESENT:
>JOHN M. WALKER, JR.,
>RICHARD C. WESLEY,
>SARAH A. L. MERRIAM,
>>*Circuit Judges.*

_____

XINBING LI,
>*Petitioner*,

>v.                                                        **23-6237-ag**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
>*Respondent*.

_____

**FOR PETITIONER:**                      Thomas V. Massucci, Esq., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Brett F. Kinney, Senior Litigation Counsel; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xinbing Li, a native and citizen of the People's Republic of China, seeks review of a February 13, 2023, decision of the BIA affirming a March 16, 2020, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xinbing Li*, No. A216 496 332 (B.I.A. Feb. 13, 2023), *aff'g* No. A216 496 332 (Immigr. Ct. N.Y.C. Mar. 16, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator

2

would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

Li recognizes that the agency's "denial of relief was based primarily on an adverse credibility finding" and challenges that finding as unsupported by the evidence. Petitioner's Br. at 15. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam); *accord Hong Fei Gao*, 891 F.3d at 76.

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii).

Li alleged that police in China arrested him for attending a private church, and then interrogated and physically abused him while he was in custody. Substantial evidence supports the agency's determination that Li was not credible, and the matters as to which Li lacked credibility go to the heart of his claims – that

3

he was and would be persecuted in China because of his attendance at unauthorized Christian churches.

The agency reasonably relied on inconsistencies in Li's testimony regarding his religious activity, specifically, which churches he attended in China. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Li's testimony was inconsistent throughout his hearing as to whether the churches he attended in China were private (that is, unregistered or not government-authorized), whether he knew what type of churches he attended, and when and how often he attended them. Li did not adequately explain the inconsistencies; in particular, he offered no reason why he did not know what type of churches he attended, despite his testimony that he chose to attend some of the churches on his own. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks and citation omitted)).

Having questioned Li's credibility, the agency reasonably relied on his failure to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The only evidence to corroborate past events was a brief letter from Li's grandmother, which stated that Li had been arrested, but provided no further detail about his religious activities and thus did not corroborate his church attendance or rehabilitate his inconsistent testimony. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."). Li also submitted statements from the pastor and a member of a church in New York, but these statements provide no information about Li's religious activities in China. Moreover, the agency reasonably accorded all of the letters little weight because the declarants were not available for cross-examination. *See Likai Gao*, 968 F.3d at 149 ("[T]he IJ acted within her discretion in according [the affidavits] little weight because the declarants (particularly [the petitioner's] wife) were interested parties and neither was available for cross-examination.").

The inconsistencies and lack of reliable corroboration provide substantial evidence for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8; *Xiu Xia Lin*, 524 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6